IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZOYA SHEIKH, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ROSS STORES, INC. and | § | |
| ROSS DRESS FOR LESS, INC. | § | |
|    *Defendants*. | § | |

## COMPLAINT

Zoya Sheikh ("Plaintiff") complains of Defendants, Ross Stores, Inc. and Ross Dress for Less, Inc. ("Defendants"), and for cause of action would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff, ZOYA SHEIKH (hereinafter "Plaintiff" or "Ms. Sheikh") is an individual who is a citizen of the United States and resident of the State of Texas.

2. Defendant, Ross Stores, Inc. is a California corporation with its principal place of business in Dublin, California and has at all times relevant to this litigation conducted business in the State of Texas. On information and belief, Ross Stores, Inc. may be served with citation at its principle place of business at 5130 Hacienda Drive, Dublin, California 94568.

3. Defendant, Ross Dress for Less, Inc. is a California corporation with its principal place of business in Dublin, California and has at all times relevant to this litigation conducted business in the State of Texas. On information and belief, Ross Dress for Less, Inc. may be served with citation through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant under Texas's long arm jurisdiction statute because this matter arises out of actions occurring and business conducted on a premises owned by Defendant in the State of Texas.

6. Venue is proper in the District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. FACTS

7. On or about September 17, 2017, Zoya Sheikh entered the premises of the Ross Dress for Less (hereinafter "Ross") located at 3040 Gulf Freeway S, League City, Texas 77573. The premises at 3040 Gulf Freeway S, League City, Texas 77573 is owned by Defendant, Ross Stores, Inc. and operated by Defendant, Ross Dress for Less, Inc.

8. As Ms. Sheikh was going through an aisle, a metal object protruding from the top shelf of the aisle fell. The metal object fell from the top shelf and hit Mrs. Sheikh on her head and neck.

9. The aisle and item referenced in Paragraph 8 were not maintained.

10. The aisle and item referenced in Paragraph 8 were dangerous.

11. There was no warning sign present or other signs of caution near where the incident occurred.

12. As a result of the object falling from the top shelf of the aisle, Ms. Sheikh has suffered severe injuries that required medical attention and treatment.

## IV. CAUSE OF ACTION – PREMISES LIABILITY

13. Plaintiff incorporates herein each allegation set forth above.

14. At all times relevant, Defendants owned, occupied, and controlled the premises.

15. At the time of the incident, Plaintiff was an invitee of Defendants to whom Defendants owed a duty to use ordinary care, including the duty to discover any unreasonably dangerous conditions and to make and keep the premises reasonably safe for invitees, including Plaintiff.

16. The condition of the aisle, and the items and objects located in that aisle, posed an unreasonable risk of harm to customers such as Plaintiff.

17. Defendants knew or by exercise of reasonable care should have known of the dangerous condition of the aisle, and the items and objects located in that aisle, on the premises, which posed an unreasonable risk of harm to invitees such as Plaintiff.

18. Defendants breached their duties owed to Plaintiff and other invitees by failing to make safe the condition of the aisle, and the items and objects located in that aisle, on the premises.

19. Defendants breached their duties owed to Plaintiff and other invitees by failing to eliminate the risk of harm.

20. Defendants breached their duties owed to Plaintiff and other invitees by failing to prevent customer exposure to harm.

21. Defendants breached their duties owed to Plaintiff and other invitees by failing to adequately warn Plaintiff of the condition of the aisle, and the items and objects located in that aisle.

22. Defendants' breaches proximately caused Plaintiff's injuries and damages.

23.     Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the upkeep of the aisle, and the items and objects located in that aisle, on Defendants' premises were acting in the capacity as an agent, servant, and/or employee of Defendants and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendants and it should be held responsible for the acts and omissions of their agents and/or employees and/or servants.

## V. DAMAGES

24.     As a direct and proximate result of occurrence made the basis of this suit, Plaintiff, Zoya Sheikh was severely injured and seeks compensation for the following damages:

   a. Past and future medical expenses;

   b. Past and future physical pain and suffering;

   c. Past and future mental anguish;

   d. Past and future physical impairment;

   e. Past and future disfigurement; and

   f. Past and future loss of earnings.

## VI. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Zoya Sheikh respectfully requests that Defendants be cited to appear and answer, and that Plaintiff have the following relief:

   A. Judgment against Defendants for a sum established by proof at trial that is within the jurisdictional limits of the Court;

   B. Judgment against Defendants for actual damages awarded to Plaintiff in an amount that will fully and fairly compensate the Plaintiff for her injuries and damages;

   C. Judgment against Defendants for court costs;

   D. Judgment against Defendants for expenses incurred herein;

   E. Pre-judgment and post-judgment interest as provided by law; and

F. Any such other and further relief to which Plaintiff may be entitled.

Dated, this 22nd day of March, 2019.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Federal ID No. 11115
Texas Bar No. 18855350
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 Facsimile
rsorrels@abrahamwatkins.com

*Attorney for Plaintiff*